Yolanda N. WAYNE, Plaintiff—
Appellant,

v.

SANTA CLARA VALLEY TRANS-
PORTATION AUTHORITY,
Defendant—Appellee.

No. 03–15770.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 17, 2003.*

Decided March 5, 2004.

* This panel unanimously finds this case suit-
able for decision without oral argument.  See

Fed. R.App. P. 34(a)(2).

Yolanda N. Wayne, pro se, Hayward, CA, for Plaintiff–Appellant.

Richard A. Katzman, Esq., Suzanne B. Gifford, Esq., Russell D. Atkinson, Santa Clara County Transit District, San Jose, CA, for Defendant–Appellee.

Before: CHOY, FARRIS, and LEAVY, Circuit Judges.

### MEMORANDUM **

■ Yolanda Wayne appeals pro se the district court's summary judgment in favor of her former employer, the Santa Clara Valley Transportation Authority ("VTA"). We have jurisdiction pursuant to 28 U.S.C. § 1291.[1] We review summary judgment de novo. *Gregory v. Widnall,* 153 F.3d 1071, 1074 (9th Cir.1998). We affirm.

Because the parties are familiar with the prior proceedings, we will not recite them except as necessary.

■ The district court did not err in its determination that Wayne did not establish a triable claim for a hostile work environment. None of the allegations, events, or incidents in the record, considered in isolation, or considered together, are severe or pervasive enough to violate Title VII. *See Gregory,* 153 F.3d at 1074.

■ Wayne's claim for racial discrimination regarding VTA's failure to promote her to Senior Transportation Planner in 1997 is time-barred. 42 U.S.C. § 2000e–5(e)(1); *National R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002). Wayne has established a prima facie claim for racial discrimination regarding VTA's 1999 failure to promote her because she alleges that she was qualified for the position, she is a black woman, and the position was filled by a white male. *See Aragon v. Republic Silver State Disposal, Inc.,* 292 F.3d 654, 658 (9th Cir.2002). However, VTA provided a non-discriminatory reason for Wayne's non-selection for the 1999 promotion. The person chosen had six years of experience as a Senior Transportation Planner with another agency, and Wayne had no experience as a Senior Transportation Planner. Wayne has not produced specific or substantial evidence that the selection was a pretext for racial discrimination. *See Manatt v. Bank of America,* 339 F.3d 792, 801 (9th Cir.2003).

■ Finally, the district court did not err in rejecting a claim of disparate impact in the selection process. "The statistical evidence offered is of dubious reliance, and in any case, fails to show an actual disparity. . . ." *Stout v. Potter,* 276 F.3d 1118, 1125 (9th Cir.2002).

The judgment of the district court is AFFIRMED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. The lack of a separate judgment pursuant to Fed.R.Civ.P. 58 is not a jurisdictional defect because the district court clearly evidenced its intent that the opinion and order was the final decision closing the case. *See Bankers Trust Co. v. Mallis,* 435 U.S. 381, 386–87, 98 S.Ct. 1117, 55 L.Ed.2d 357 (1978).